UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

BRANDON L. SCHOBINGER,

                                Case No. 4:19-CV-01584

            Plaintiff,

vs.

EASTPOINT RECOVERY GROUP, INC.,

            Defendant.

_____

## DEFENDANTS' OFFER OF JUDGMENT PURSUANT TO RULE 68 OF THE FEDERAL RULES OF CIVIL PROCEDURE

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, Eastpoint Recovery Group, Inc. ("Eastpoint" or "Defendant") hereby offers to allow judgment to be taken against it by Plaintiff, Brandon L. Schobinger ("Plaintiff"), on his individual claims in the amount of $1,001.00, together with the actual and reasonable attorneys' fees and costs that have been incurred by Plaintiff through the date of this Offer of Judgment, as set forth below

2. Plaintiff alleges that Eastpoint engaged in certain conduct which violated the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act (the "TDCA") under Tex. Fin. Code Ann. § 392 *et seq*. Defendants are offering judgment in the amount of $1,500.00 which constitutes the maximum amount of statutory damages under 15 U.S.C. 1692k(a)(2)(A) of the FDCPA and Tex. Fin. Code. Sec. 392.403 (a)(e) as well as actual damages under 15 U.S.C. 1692k(a)(1) and Tex. Fin. Code. Ann. § 392(a)(2) and the plus the actual and reasonable attorneys' fees and costs incurred through the date of this Offer of Judgment as determined by the Court pursuant

to 15 U.S.C. 1692k(a)(3) and Tx. Fin. Code. Sec. 392.403(b).  With respect to any claim by Plaintiff for reasonable attorneys' fees and costs that have been accrued to date, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court if the parties are unable to reach agreement on said amount.

      3.      This judgment amount represents Defendant's total potential liability for any and all of Plaintiff's losses, claims, damages, interest and any other amounts or expenses that may have been recoverable, or were potentially recoverable, on his claims in this action to date.

      4.      This offer is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and is not, and shall not be construed as, an admission that Defendant is liable in this action, or that Plaintiff, or any person whose rights or interests Plaintiff purports to represent, or on whose behalf Plaintiff purports to sue have suffered any damages.

      5.      Pursuant to Rule 68, Plaintiff has fourteen (14) days to accept this Offer of Judgment in writing.

      6.      In making this offer, Defendant directs the Plaintiff's attention to the provision of Rule 68 that provides that "[i]f the judgment finally obtain[ed][by Plaintiff] is not more favorable than [Defendants'] offer, the [Plaintiff] must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68.

      7.      The judgment entered in accordance with this Offer of Judgment is to be in complete settlement and release of any and all claims and allegations by Plaintiff against, implicating or involving Defendant, whether or not known, asserted or suspected

by Plaintiff, and said judgment shall have no effect whatsoever except in settlement of those claims.

Dated: July 1, 2019

                                                **HODGSON RUSS LLP**
By: /s/: Steven W. Wells
      Steven W. Wells
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1233
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 10, 2015, I caused Defendants' Offer of Judgment to be served by sending copies via electronic mail and first class mail to the following:

>Seth Andrews, Esq.
>Law Offices of Kenneth Hiller
>6000 North Bailey Avenue, Suite 1A
>Amherst, NY 14226
>(*Counsel for Plaintiff*)

Date: March 10, 2015

**HODGSON RUSS** LLP

By: /s/: Steven W. Wells
    Steven W. Wells
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1233

*Attorneys for Defendants*