UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON L. SCHOBINGER, | § | |
| *Plaintiff*, | § | |
| | § | Case No. 4:19-cv-01584 |
| vs. | § | |
| | § | |
| EASTPOINT RECOVERY GROUP, INC., | § | |
| *Defendant*. | § | |

### DEFENDANT EASTPOINT RECOVERY GROUP, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant Eastpoint Recovery Group, Inc. ("Eastpoint") files this response to Plaintiff Brandon L. Schobinger's ("Plaintiff") Motion for Attorney's Fees and Costs and requests that the Court award Plaintiff no more than $2,687.50 in reasonable and necessary attorney's fees.[1]

### I. GROUNDS FOR FEE REDUCTION

- **Post Rule 68 Offer Fees**: Eastpoint's Rule 68 Offer of Judgment limited attorneys' fees and costs to those "incurred by Plaintiff *through the date of this Offer of Judgment*." Plaintiff accepted the offer without exception. Nevertheless, Plaintiff requests $1,175.00 in fees he incurred—by his own admission—*after* the date of the Rule 68 Offer. Plaintiff's fee request should be reduced by $1,175.00.

- **Clerical Tasks**: Plaintiff seeks fees for purely administrative tasks that require no specialized legal skills. Specifically, Plaintiff requests $217.50 for the performance of administrative tasks of "gathering" documents and electronic "filing" of the submissions in this case. Plaintiff's fee request should be reduced by $217.50.

- **Phantom Entry**: Plaintiff submitted a June 28 time entry for 0.7 hours for "responding" to Eastpoint counsel's email. However, Plaintiff's counsel sent no such email to Eastpoint. Rather, Plaintiff responded days later on July 1, and entered a corresponding time entry on that date for the same 0.7 hours. The phantom entry of $262.50 should be removed.

For the foregoing reasons, Plaintiff's request for $4,342.50 in attorneys' fees should be reduced by $1,655.00. Thus, the total fees awarded should be $2,687.50.

---

[1] For purposes of this response, Defendant is not contesting Plaintiff's claim that a rate of $375.00 is reasonable based on counsel's experience, this market, and for these types of cases. Rather, Defendant focuses on the more conspicuous shortcomings in Plaintiff's fee request.

1

## II. RELEVANT BACKGROUND

1.On May 1, 2019, Plaintiff filed this action against Eastpoint, asserting causes of action for statutory violations of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the Texas Debt Collection Act. *See* Plaintiff's Complaint (Dkt. No. 27). On July 1, 2019, Eastpoint answered the lawsuit and denied the alleged statutory violations. *See* Eastpoint's Answer (Dkt. No. 7).

2.Despite its denial of Plaintiff's claims, Eastpoint also submitted its Rule 68 Offer to Plaintiff on July 1, 2019. *See* Ex. A, Rule 68 Offer. The Rule 68 Offer consisted of a specific monetary award of $1,001, "together with actual and reasonable attorneys' fees and costs that have been incurred by Plaintiff ***through the date of this Offer of Judgment***." *Id.*, ¶ 1 (emphasis added).

3.Later that same day, Eastpoint's counsel received additional information that demonstrated unequivocally that Plaintiff's claims were without merit. As a result, Eastpoint's counsel attempted to withdraw the Rule 68 Offer, stating as follows:

> I just obtained more information from my client. The offer below and contained in the Offer of Judgment is hereby revoked. Your client after two calls entered into a payment plan that he defaulted on. There were only approximately 5 calls after that. Once your client requested that Eastpoint not call him anymore, there were no further calls. I have to run to court but will send you documentation and recordings when I get back.

Ex. B, July 1 Email from Mr. Wells (quoted sections of the email are highlighted within the exhibit). Plaintiff, however, responded quickly to salvage (and ultimately enforce) the Rule 68 Offer, stating:

> We have 14 days to accept the [offer of judgment] from it being tendered. Our recommendation to our Client will be to accept and file the [offer of judgment]. You can then explain to the Court Defendant's chosen path.

*Id.*, July 1 Email from Mr. Volheim (quoted sections are highlighted within the exhibit).

4. Ultimately, on July 15, 2019, Plaintiff filed its Notice of Acceptance of Eastpoint's Rule 68 Offer. *See* Notice of Acceptance (Dkt. No. 8). Plaintiff's acceptance of the Rule 68 Offer was without exception or qualification. *Id.* Accordingly, pursuant to the express terms of the Rule 68 Offer, Plaintiff's recoverable attorneys' fees and costs were limited to "actual and reasonable attorneys' fees and costs that have been incurred by Plaintiff ***through the date of this Offer of Judgment***." Ex. A, ¶ 1 (emphasis added). Moreover, the Rule 68 Offer anticipated and addressed any potential disputes over the amount of recoverable fees incurred through the July 1 date of the Rule 68 Offer, stating:

> With respect to any claim by Plaintiff for reasonable attorneys' fees and costs ***that have been accrued to date***, Defendants agree to have the amount of reasonable attorneys' fees and costs determined by the Court if the parties are unable to reach agreement on said amount.

*Id., ¶* 2 (emphasis added).

5. Following Plaintiff's acceptance of the Rule 68 Offer, Plaintiff provided Eastpoint with an itemization of its purported attorneys' fees and costs. Eastpoint questioned the itemized entries, as they appeared excessive and included entries that were incurred after the Rule 68 Offer. Although the parties attempted to negotiate an agreed amount, they were unsuccessful. Plaintiff then filed its Motion for Attorneys' Fees now before the Court seeking $4,342.50 in attorneys' fees.[2] As set forth below, Plaintiff's fee request should be reduced to $2,687.50.

---

[2] Defendant does not contest Plaintiff's calculation of costs in the amount of $400.00.

### III. ARGUMENT AND AUTHORITY

**A.      Eastpoint's Rule 68 Offer—accepted without exception by Plaintiff—unequivocally limits recoverable attorneys' fees to those incurred up to the date of the offer, *i.e.*, July 1, 2019.**

6.      Federal Rule of Civil Procedure 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  FED. R. CIV. P. 68.  Courts apply general contract principles to interpret Rule 68 offers of judgment.  *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988)).

7.      Because the underlying statutes define "costs" as separate from "attorneys' fees," an offer of judgment under Rule 68 must explicitly include a reference to "attorneys' fees" for the fees to be included as part of the terms of the offer of judgment.  *See Torres v. Empire Envtl. Grp., LLC,* No. 3:13-cv-0723-G(BN), 2013 WL 6231400, at *5 (N.D. Tex. Dec. 2, 2013) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Basha*, 336 F.3d at 451).  If a Rule 68 offer limits attorneys' fees or costs to those amounts incurred up to a specific date or time, then fees incurred following that date are not recoverable if the offer is accepted by plaintiff.  *Torres*, 2013 WL 6231400, at *5 (holding that Rule 68 offer that limited costs to those "then accrued" prohibited recovery of costs incurred after that date).

8.      In the present case, Eastpoint's Rule 68 Offer expressly limited both attorneys' fees and costs to those "incurred through the date of this [Rule 68 Offer]."  *See* Ex. A, ¶ 1.  By accepting the Rule 68 Offer without reservation or exception, Plaintiff is prohibited from recovering fees after the date of the Rule 68 Offer, *i.e.*, July 1, 2019.  Nevertheless, Plaintiff specifically asks that the Court award $1,175.00 in fees incurred after the date of the Rule 68 Offer.  The specific entries are as follows:

| | | | | | |
|---|---|---|---|---|---|
| 7/16/2019 | Drafted itemization of fees | Kiran Wadia | $125.00 | 1.00 | $125.00 |
| 7/16/2019 | Reviewed itemization | Nathan Volheim | $375.00 | .30 | $112.50 |
| 7/19/2019 | Reviewed and Responded to Defendant's Offer | Nathan Volheim | $375.00 | 0.25 | $93.75 |
| 7/23/2019 | Reviewed and Responded to Defendant's Offer | Nathan Volheim | $375.00 | 0.25 | $93.75 |
| 7/29/2019 | Drafted Motion for Attorney Fees and Costs | Nathan Volheim | $375.00 | 2.0 | $750.00 |

*See* Ex. C, Plaintiff's Fee Itemization. The invalid entries—incurred after the date of the Rule 68 Offer—total $1,175.00 and should be reduced from Plaintiff's fee request.

      **B.    Plaintiff's attempt to recover attorneys' fees for administrative and clerical tasks should be denied.**

      9.    Clerical work performed by attorneys or paralegals "is not recoverable in an award of attorneys' fees." *Black v. SettlePou*, P.C., No. 3:10-cv-1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) (citing *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (holding that "[pa]ralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.")). As to reasonable paralegal fees, only time spent performing work traditionally performed by attorneys will be compensated. *Allen v. U.S. Steel Corp*, 665 F.2d 689, 697 (5th Cir. 1982). "Otherwise, paralegal expenses are separately unrecoverable overhead expenses." *Id.* at 697; *see also Whitney Bank v. Davis-Jeffries-Hunold, Inc.*, 2012 WL 5470131, * 7 (S.D. Ala. Nov. 9, 2012) (holding that time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

10. In the present case, Plaintiff seeks fees for time spent by paralegals or legal assistants for various clerical and administrative tasks. Specifically, Plaintiff seeks fees for the following:

| | | | | | |
|---|---|---|---|---|---|
| 3/5/2019 | Gathered information and documents from Client | Amy Dittbenner | $75.00 | .40 | $30.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/1/2019 | Filed Complaint | Kiran Wadia | $125.00 | 0.75 | $93.75 |
| 5/1/2019 | Drafted Wavier of summons and emailed it to Opposing Counsel along with Filed Complaint | Kiran Wadia | $125.00 | 0.25 | $31.25 |

| | | | | | |
|---|---|---|---|---|---|
| 5/6/2019 | Filed Executed Wavier of Summons with Court | Kiran Wadia | $125.00 | 0.25 | $31.25 |

| | | | | | |
|---|---|---|---|---|---|
| 7/15/2019 | Filed Notice of Acceptance of Defendant's Offer of Judgment | Kiran Wadia | $125.00 | 0.25 | $31.25 |

*See* Ex. C, Plaintiff's Fee Itemization. The invalid entries for clerical and administrative tasks total $217.50 and should be reduced from Plaintiff's fee request.

   **C.** **Plaintiff's phantom entry for drafting a responsive email that was never actually performed should be removed.**

12. In addition to the foregoing, Plaintiff's counsel appears to enter time for a task that was never performed, or, alternatively was performed and billed separately several days later. In Plaintiff's fee summary, Plaintiff's counsel includes the following two entries:

| | | | | | |
|---|---|---|---|---|---|
| 6/28/2019 | Responded to Defendant's email regarding Defendant's Answer | Nathan Volheim | $375.00 | 0.70 | $262.50 |
| 7/1/2019 | Responded to Defendant email | Nathan Volheim | $375.00 | 0.70 | $262.50 |

*See* Ex. C, Plaintiff's Fee Itemization. Contrary to the entries, however, Eastpoint's counsel did not receive any emails from Plaintiff's counsel on June 28, 2019. Rather, the only email sent that

day was, instead, from Eastpoint's counsel to Plaintiff's counsel requesting a "day or two" extension on the answer deadline so local counsel could be obtained. *See* Ex. B, p. 5, June 28 Email from Mr. Wells. No response was received from Plaintiff's counsel until July 1, 2019. On that date, Plaintiff's counsel refused Eastpoint's request for a one or two day extension. *See* Ex. B, p. 3, July 1 Response from Mr. Volheim. Because Plaintiff's counsel never performed the task underlying the June 28 time entry, the $262.50 in fees should be removed from the fee request.

### IV. SUMMARY

| | |
|---|---|
| Plaintiff's Requested Fees: | $4342.50 |
| Fees Incurred Post-Rule 68 Offer: | ($1,175.00) |
| Clerical Fees: | ($217.50) |
| Phantom Fees: | ($262.50) |
| Recoverable Fees: | $2,687.50 |

WHEREFORE, Defendant Eastpoint Recovery Group, Inc. respectfully requests that this Court issue an order awarding Plaintiff $2,687.50 in recoverable attorneys' fees, $400.00 in recoverable costs, entering judgment on the terms set forth in Eastpoint's Rule 68 Offer, and any further relief as this Court deems just and proper.

Respectfully submitted,

**GREGOR │ CASSIDY, PLLC**

By: */s/ Thomas M. Gregor*
Thomas M. Gregor
Texas Bar No. 24032245
Federal No. 32190
700 Louisiana, Suite 3950
Houston, Texas 77002
(832) 390-2644 – Phone
(832) 390-2655 – Fax
tgregor@gcfirm.com

**ATTORNEYS FOR DEFENDANT,
EASTPOINT RECOVERY GROUP, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel via the court's ECF system on August 20, 2019.

| | |
|---|---|
| Mr. Nathan Volheim | E-File Notification |
| Sulaiman Law Group, Ltd. | nvolheim@sulaimanlaw.com |
| 2500 South Highland Ave., Suite 200 | |
| Lombard, IL 60148 | |

              */s/ Thomas M. Gregor*
              Thomas M. Gregor